UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROBERT K. DECKER,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          No. 2:19-cv-00616-JRS-MJD
                                           )
J. BRADLEY,                                )
                                           )
                    Defendant.             )

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Robert K. Decker, an inmate of the Federal Bureau of Prisons (BOP) at Terre Haute Federal Correctional Institution, brought this action against the defendant J. Bradley alleging constitutional violations resulting from Bradley imposing an expired suspended disciplinary sanction against him. Decker alleges this was done in retaliation for Decker's filing of numerous grievances and disciplinary appeals and violated his due process rights. Decker seeks damages pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Defendant Bradley filed a motion to dismiss Decker's claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 44. Decker responded, and Bradley replied. Dkt. 49; dkt. 50. The motion is now ripe for review. For the reasons discussed in this Order, defendant Bradley's motion to dismiss, dkt. [44], is **granted.**

**I.**
**Legal Standard**

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all

permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## II.
## Retaliation Claim

Defendant Bradley argues that Decker's First Amendment retaliation claim presents a new *Bivens* context, and "special factors" counsel against expanding *Bivens* to that claim, relying on *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Congress has provided that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But jurisdiction does not necessarily create the authority to award damages. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). Although Congress has authorized district courts to award damages against state officials who violate the Constitution while acting under color of state law, *see* 42 U.S.C. § 1983, Congress has not provided an analogous authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *See Abbasi*, 137 S. Ct. at 1854.

The Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. In *Davis v. Passman*, the Court extended this implied authority to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment. 442 U.S. 228, 249 (1979). And in *Carlson v. Green*, the Court again extended this implied authority to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment. 446 U.S. 14, 24 (1980).

In *Abbasi*, the Supreme Court noted that those "three cases—*Bivens*, *Davis*, and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." 137 S. Ct. 1843 at 1855. And in the forty years since *Carlson*, the Court

2

has declined to create any new contexts for *Bivens* claims. *Id.* at 1857 (listing cases); *see also Hernandez v. Mesa,* 140 S. Ct. 735 (2020) (no implied damages remedy in action against border patrol agent for cross-border shooting). In each of these cases, the Court reasoned there were "special factors counselling hesitation" about creating a new *Bivens* context and that alternative remedies were available to address the category of injury alleged by the plaintiffs. *Abbasi*, 137 S. Ct. at 1853–54.  Expanding *Bivens* to a new context is now a "disfavored judicial activity." *Id.* at 1857.

The Supreme Court has never recognized a *Bivens* remedy for First Amendment claims. *See Wood v. Moss*, 572 U.S. 744, 757 (2014) (acknowledging that the Supreme Court has never recognized an implied damages remedy under the First Amendment); *Reichle v. Howards*, 566 U.S. 658, n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). And Decker's First Amendment retaliation claim "[differs] in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1864. Accordingly, Decker's First Amendment retaliation claims present a new *Bivens* context. *See Bistrian v. Levi*, 912 F.3d 79, 95 (3d Cir. 2018) (recognizing that pretrial detainee's First Amendment retaliation claim presented new context); *Johnson v. Burden*, 781 Fed. App'x 833 (11th Cir. 2019) (recognizing that BOP employee's First Amendment retaliation claim presented new *Bivens* context and remanding to district court to conduct special factors analysis in light of *Abbasi*).

While the Supreme Court has not created a definitive list of "special factors counselling hesitation," separation-of-powers principles are "central to the analysis." *Abbasi* 137 S. Ct. at 1857. "The question is 'who should decide' whether to provide a damages remedy, Congress or the courts?" *Id.* A *Bivens* remedy should not be inferred if "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the

law and correcting a wrong." *Id.* at 1858. Amongst the considerations is whether there are alternative remedies available to the plaintiff, because that existing remedy "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* In other words, "when alternative methods or relief are available, a *Bivens* remedy usually is not." *Abbasi*, 137 S. Ct. at 1863 (citations omitted).

Decker has alternative remedies available to him. The BOP's administrative remedy procedure is an alternative process that "provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Goree v. Serio*, 735 Fed. App'x 894, 895 (7th Cir. 2018) (unpublished) (recognizing BOP administrative remedies as an alternative remedy); *Mack v. Yost*, 968 F.3d 311, 321 (3d Cir. 2020) (finding that the BOP administrative remedy process and availability of injunctive relief provided alternative remedy processes counseling against expansion of *Bivens* to First Amendment retaliation claims).

Also, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Abbasi*, 137 S. Ct. at 1865. In passing the Prison Litigation Reform Act of 1995 (PLRA), Congress "placed a series of controls on prisoner suits . . . designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011). Congress did so with the intent to "reduce the quantity of inmate suits." *Jones v. Bock*, 549 U.S. 199, 223 (2007). Significantly, the PLRA does not provide for a standalone damages remedy against individuals, suggesting that  "Congress chose not to extend the *Carlson* damages remedy to cases involving other types of  prisoner mistreatment." *Abbasi*, 137 S. Ct. at 1865.

Whether *Bivens* extends to First Amendment retaliation claims remains unsettled in the

Seventh Circuit.[1] *Haas v. Noordeloos*, 792 Fed. App'x 405, 406 (7th Cir. Feb. 6, 2020). Other circuits have declined to extend *Bivens* to First Amendment retaliation claims in cases involving federal prisoners. *Earle v. Shreves*, --- F. 3d ---, 2021 WL 896399 at *4 (4th Cir. Mar. 10, 2021) ("Given the ease with which an inmate could manufacture a claim of retaliatory detention, allowing a *Bivens* action for such claims could lead to an intolerable level of judicial intrusion into an issue best left to correctional experts."); *Bistrian*, 912 F.3d at 96 (noting that retaliation claims are easily fabricated and permitting them to proceed would result in unwarranted judicial interference with prison administrative decisions). Their reasoning is persuasive. Generally, courts should decline to interfere with "the problems that arise in the day-to-day operation of a corrections facility." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Consistent with previous decisions from this Court,[2] the Court finds that special factors counsel against applying *Bivens* to First Amendment retaliation claims.

---

[1] The Court notes that in *Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019), the Seventh Circuit remanded with instructions to the district court to recruit counsel for the plaintiff to develop a full record on whether a *Bivens*-style damages remedy is available for alleged violations of a federal prisoner's First Amendment rights after *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Court did not recruit counsel for Decker in this case. There are numerous retaliation cases brought by federal inmates pending in this district and it would not be an efficient use of limited pro bono counsel to appoint counsel in each case. The Court recruited counsel in *Fulks v. Watson*, No. 2:19-cv-00501-JPH-MJD, 2021 WL 1225922 (S.D. Ind. March 31, 2021), to brief this question before determining that First Amendment retaliation claims are a new context and that special factors dictate against application of a *Bivens*-style remedy.

[2] *See, e.g.*, *Fulks v. Watson*, No. 2:19-cv-00501-JPH-MJD, 2021 WL 1225922 (S.D. Ind. March 31, 2021); *Kadamovas v. Siereveld*, No. 2:18-cv-00490-JRS-MJD, 2019 WL 2869674, at *1-2 (S.D. Ind. July 3, 2019); *Early v. Shepherd*, No. 2:16-cv-00085-JMS-MJD, 2018 WL 4539230, at *13–16 (S.D. Ind. Sept. 21, 2018); *Harris v. Dunbar*, 2:17-cv-00536-WTL-DLP, 2018 WL 3574736, at *2-4 (S.D. Ind. July 25, 2018); *Albrechtsen v. Parsons*, 1:17-cv-01665-JMS-TAB, 2018 WL 2100361, at *3-5 (S.D. Ind. May 7, 2018); *Muhammad v. Gehrke*, 2:15-cv-00334-WTL-MJD, 2018 WL 1334936, at *3-4 (S.D. Ind. Mar. 15, 2018).

## III.
## Due Process Claim

Defendant Bradley next argues that Decker's due process claim is barred by collateral estoppel because he has already litigated it before the Seventh Circuit Court of Appeals in the context of a previous habeas petition. *See Scherer v. Balkema*, 840 F.2d 437, 442-43 (7th Cir. 1988) (barring plaintiff from pursuing certain *Bivens* allegations on collateral estoppel grounds where he had unsuccessfully litigated those same issues through appeals of his criminal convictions). Decker's due process claim in this case is based on his allegation that defendant Bradley imposed an expired suspended disciplinary sanction at a September 2017 disciplinary hearing. Decker challenged that sanction in a federal habeas petition in *Decker v. Krueger*, 2:18-cv-00198-JRS-DLP. His due process claim in that petition was denied by this Court and the Seventh Circuit affirmed. *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019).

Collateral estoppel, or issue preclusion, has four elements:

(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action.

*Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (citation omitted). Decker's due process claim regarding defendant Bradley's execution of the suspended 60 days in disciplinary segregation sanctions satisfies each of those elements. Thus, Decker's due process claim is barred in this suit.

Furthermore, defendant Bradley argues that Decker's allegations fail to state a claim for which relief can be granted. To allege a violation of the right to due process, a plaintiff must allege that he has been deprived of a constitutionally protected liberty interest. *Brown v. Scott*, 720 F. App'x 296, 298 (7th Cir. 2017) (citation omitted). "In *Sandin v. Conner*, 515 U.S. 472 (1995), the

Court explained that the Fourteenth Amendment provides to inmates a liberty interest in avoiding transfer to more restrictive prison conditions if those conditions result in an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend v. Cooper*, 759 F.3d 678, 685 (7th Cir. 2014) (citations and quotation marks omitted). "In assessing whether disciplinary segregation amounts to a constitutional violation, this court looks to the combined import of the duration of the segregative confinement and the conditions endured. " *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (emphasis in original) (citation and quotation marks omitted). "Although relatively short terms of segregation rarely give rise to a prisoner 's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest may arise from a long term of confinement combined with atypical and significant hardships." *Id*.; see *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (noting that a "considerably shorter period of segregation [than six months] may, depending on the conditions of confinement and on any additional punishments, establish a [due process] violation").

Here, the plaintiff alleges that he was in disciplinary segregation for 60 days and that the conditions were harsh in comparison to those in general population. He alleges he was denied access to television, radio, outside visits, outside recreation, commissary, and more. Although Decker's complaint alleged he was denied outdoor recreation, his response to the motion to dismiss clarifies that he had access to the recreation yard, but was discouraged from taking advantage of it because prison officials would search his cell and confiscate or destroy property while he was gone. Dkt. 49 at 4-5.

The Seventh Circuit has held that even six months in disciplinary segregation is insufficient to state a constitutional claim. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743-44 (7th Cir. 2013); *see also Singh v. Gegare*, 651 F. App'x 551, 555 (7th Cir. 2016) (105 days in "punitive segregation"

did not state a constitutional claim). The record reflects that the conditions of segregation at issue here are similar to those in *Hardaway* and *Singh*, and Decker was exposed to them for a much shorter period of time. His allegations do not show that the combined duration and conditions implicate a liberty interest. Thus, his claim must be dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss for failure to state a claim, dkt. [44], is **granted**. Decker's First Amendment retaliation claim is dismissed for failure to state a claim in light of *Ziglar v. Abbasi*. His due process claim is dismissed because it is barred by collateral estoppel and because he has failed to state a claim.

Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/18/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov